IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RANDALL LEE DUNCAN                                          PLAINTIFF

v.                  Civil No. 05-5030

WASHINGTON COUNTY SHERIFF'S OFFICE
FIRST AND SECOND SHIFT EMPLOYEES                 DEFENDANTS

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Randall Lee Duncan brings this pro se civil rights action under 42 U.S.C. § 1983. (Doc. 1.) His complaint was filed in forma pauperis (Docs. 2-3), and it is now determined whether it should be served on the defendants. Pursuant to court order, Duncan filed an addendum to his complaint on March 31, 2005.

### **I. Background**

In his complaint and addendum, Duncan, who was awaiting trial at the Washington County Detention Center on pending charges, claims that three pieces of mail were either lost, stolen, or thrown away. Duncan tried to mail a two letters on January 3, 2005. One of those letters was to Judge Mary Ann Gunn and the other was to Lora Duncan, the plaintiff's sister. The letter to Judge Gunn was a request for consideration for drug court, and the letter to Lora Duncan was a request of the sister to contact the court and to contact the nursing staff to arrange a doctor's appointment for the plaintiff. (Doc. 6 at ¶¶ 2A-2B.) The plaintiff states that Judge Gunn did not receive the letter sent to her because he never received a reply about his request. When plaintiff wrote his sister the following week, she responded that she had not received his January 3 letter. (Doc. 6 at ¶¶ 2C, 2E.) As a result in this delay, plaintiff contends that he was not able

to go for his surgery and his court date was prolonged. (Doc. 6 at ¶ 2D.)

On January 23, 2005, plaintiff sent another letter to Judge Gunn concerning his request for drug court. Again, he did not receive a response to this letter. As he had a court date of February 4, he was not able to give a response to public defenders office, and his court date was postponed again. Duncan also sent another letter to Lora Duncan on January 23, 2005, and while Lora Duncan did receive this letter, it was postmarked February 11, 2005. (Doc. 6 at ¶ 3.)

After Duncan did not receive a response from his January 3 and January 23 letters to Judge Gunn, he requested drug court through Loriran Pennington, and the request was received by, and Duncan received a response from, Judge Gunn. (Doc. 6 at ¶ 5.) Duncan states that he was not denied access to the drug court because of the mail system at the WCDC, but everything was delayed, including his trial date, and his case was removed from drug court to someone else. (Doc. 6 at ¶ 6.)

On February 9, 2005, an officer Hernandes tried to deliver two letters to the Duncan from a Loriran Pennington, but because Duncan was out to court that day, the letters were left at the control booth. This was seen by inmate Chris Latino. One of the letters was sent back to Pennington because there was no name on it, the other letter appeared three weeks later. Duncan states that the letters contained the name of a lawyer that he should have called, but by the time he received that name, the lawyer had "already taken on too [many] money cases and could not take on [his] case." (Doc. 6 at ¶ 4.)

Duncan admits that he was not prevented from re-mailing any of the lost or stolen letters, but that he was told that the letters had not been lost or misplaced. He further complains that there is no designated place for inmates to place their mail, rather they hand it to any officer who

AO72A
(Rev. 8/82)

comes for a jail check, and that officer is responsible for insuring that the mail is logged and delivered. (Doc. 6 at 7B.)

## II. Discussion

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must show [1] a deprivation [under color of law] of [2] a right, privilege, or immunity secured by the Constitution or the laws of the United States." *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). "[T]o establish a violation of constitutional rights under § 1983, the plaintiff must prove that the defendant's unconstitutional action was the 'cause in fact' of the plaintiff's injury." *Butler v. Dowd*, 979 F.2d 661, 669 (8th Cir. 1992).

"Inmates have a First Amendment right of free speech to send and receive mail." *Hudson v. Palmer*, 468 U.S. 517, 547, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984). "The fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment." *Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 125, 97 S. Ct. 2532, 53 L. Ed. 2d 629 (1977).

"Prisoners' First Amendment rights encompass the right to be free from certain interference with mail correspondence." *Davis v. Norris*, 249 F.3d 800, 801 (8th Cir. 2001). "Interference with legal mail implicates a prison inmate's right to access to the courts and free speech as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). "A prison policy that obstructs privileged inmate mail can violate inmates' right of access to the courts." *Weiler v. Purkett*, 137 F.3d 1047, 1051

AO72A
(Rev. 8/82)

(8th Cir. 1998).

Here, the plaintiff does not contend that any jail official was intentionally disrupting his ability to send or receive mail. In fact, the plaintiff states that no one prevented him from re-sending any of the letters that were supposedly lost, stolen, or misplaced. Rather, plaintiff's complaint is that jail officials were careless with the mail and had not established a procedure that met with the plaintiff's approval for having only one person responsible for the inmates' mail. Such a claim is simply negligence and section 1983 liability cannot be founded on claims of negligence in delivering the mail. *See Johnson-El v. Schoemehl*, 878 F.2d 1043, 1051 n.5 (8th Cir. 1989) (if plaintiff is unable to prove more than negligence with regard to mail service, this allegation will have to be dismissed as an independent basis for individual liability).

Further, even is plaintiff was claiming that on these two occasions someone intentionally interfered with his mail, claims of isolated incidents of mail tampering generally do not support a constitutional claim. *See Davis*, 320 F.3d at 351.

Finally, it does not appear that the plaintiff suffered any injury as a result of the mail system at the Washington County Detention Center. He does not assert that he was denied access to the drug court because of the mail system, and he only states that he was unable to secure the representation of a certain lawyer because of a delay in the system, not that he was unable to obtain any representation. Further, he does not explain how the one week delay in being able to communicate with his sister prevented him from receiving necessary medical help.

### III. Conclusion

Therefore, I recommend that plaintiff's complaint be dismissed as frivolous and for failing to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (IFP action, or any portion thereof,

AO72A
(Rev. 8/82)

may be dismissed on such grounds at any time).

**Duncan has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. Duncan is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of September 2005.

                                                **/s/ Beverly Stites Jones**
                                                _____
                                                HON. BEVERLY STITES JONES
                                                UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)